UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICIA AUSTIN,             )
                             )
    Plaintiff,               )
                             )
vs.                          )   No. 4:11-CV-1029 CEJ
                             )
INTERNATIONAL BROTHERHOOD    )
OF ELECTRICAL WORKERS,       )
AFL-CIO, et al.,             )
                             )
    Defendants.              )

## MEMORANDUM AND ORDER

Before the Court is the plaintiff's motion to remand this case to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Defendants have filed responses opposing plaintiff's motion, and the issues are fully briefed.

    I.    **Background**

Plaintiff brings this action for damages and injunctive relief, asserting claims of employment discrimination under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 et seq., assault, and intentional infliction of emotional distress. The defendants are the International Brotherhood of Electrical Workers, the International Brotherhood of Electrical Workers Local 1455, and Michael Datillo. Plaintiff alleges that Datillo, who was her supervisor and the business manager of Local 1455, discriminated against her based on her age and sex and threatened her with bodily harm while she was employed by Local 1455. Plaintiff alleges that IBEW and Local 1455 were aware of Datillo's illegal conduct, but they failed to take appropriate action.

After plaintiff initiated this action in state court, the defendants removed it, asserting federal question jurisdiction based on § 301 of the Labor Management

Relations Act of 1947 (LMRA), 29 U.S.C. § 185.  Defendants claim that they were first notified of their basis for removal when plaintiff cited to several provisions of IBEW's constitution in her interrogatory answers as supporting a claim against IBEW based upon agency.  The IBEW constitution is the governing document that sets forth the rights and responsibilities between IBEW and its local unions.  In her motion to remand, plaintiff argues that mere reference to the IBEW constitution does not give rise to complete preemption under § 301 of the LMRA.

II.     Applicable Law

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441 (a).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to state court where it originated.  28 U.S.C. § 1447 (c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  As the party invoking jurisdiction, defendants have the burden of establishing that prerequisites to jurisdiction have been satisfied.  Id.; Hatridge v. Aetna Cas & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  Generally, in determining whether removal was proper, the court must look to the plaintiff's pleadings at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).  The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  However, where a complaint raises issues to which federal law applies with complete preemptive force, the Court must look beyond the face of the complaint in determining whether remand is proper.  Williams v.

National Football League, 582 F.3d 863, 874 (8th Cir. 2009).

Section 301 of the LMRA states that federal law governs "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185 (a). Section 301 completely preempts state law claims that are "substantially dependent upon analysis" of a CBA, Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985), because "the application of state law…might lead to inconsistent results since there could be as many state law principles as there are States." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406 (1988); see also Williams, 582 F.3d at 874.

In applying the § 301 complete preemption doctrine, the Court begins with the "claim itself," Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc., 450 F.3d 324, 331 (8th Cir. 2006), and applies a two-step approach in order to determine if the claim is sufficiently "independent" to survive complete preemption. Williams, 582 F.3d at 874. First, a state law claim is preempted if it is "based on" a provision of the CBA, meaning that "the CBA provision is at issue" and "it actually sets forth the right upon which the claim is based." Id. Second, § 301 complete preemption applies where a state law claim "is dependent upon an analysis of the relevant CBA," meaning that the resolution of plaintiff's state law claim requires interpretation of a provision of the CBA. Id. The Eighth Circuit in Williams reiterated that § 301 preemption only applies to claims that "require interpretation or construction of the CBA" as opposed to "those which only require reference to it" or where "the CBA need only be consulted during its adjudication." Id. at 876 (quoting Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc., 450 F.3d 324, 331 (8th Cir. 2006); citing also Livadas v. Bradshaw, 512 U.S. 107, 124-25 (1994)).

"Union constitutions are an important form of contract between labor organizations" and fall within the scope of § 301.  <u>Woodell v. Int'l Bhd. of Elec. Workers</u>, 502 U.S. 93, 101 (1991).  However, "[n]either <u>United Ass'n of Journeymen</u> nor <u>Wooddell</u> are removal cases, nor does either raise an issue of preemption nor state that § 301 gives the federal courts exclusive jurisdiction over suits to enforce union constitutions." <u>Tisdale v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada, Local 704</u>, 25 F.3d 1308, 1310 (6th Cir.1994) (referring to <u>United Ass'n of Journeymen & Apprentices v. Local 334</u>, 452 U.S. 615 (1981); <u>Woodell</u>, 502 U.S. 93).  "[P]reemption and removal are related but distinct concepts. Even '[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted … does not establish that they are removable to federal courts.' " <u>Id.</u> at 1311 (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386 (1987). The Supreme Court has not yet addressed whether removal and complete preemption applies to claims that depend on the content of an international union's constitution. <u>Hahn v. Rauch</u>, 602 F.Supp.2d 895 (N.D. Ohio 2008); <u>Sowell v. International Broth. of Teamsters</u>, Slip Copy, 2009 WL 4255556 *3, n.13 (S.D. Tex. 2009).

### III.  <u>Discussion</u>

Defendants argue that the plaintiff's claims against IBEW rely on seven sections of IBEW's constitution to establish agency liability for the acts of Datillo or Local 1455.[1]

---

[1] Specifically, defendants argue that the plaintiff, in her interrogatory answers, relies the following IBEW Constitution provisions: Art. XVI, §§ 9-13 (election of local union officers), Art. XXV, §§ 8-11 (discipline and removal of officers), Art. XXV, §§ 2-7, 12-18( internal union charges and appeals), Art. XVII, § 1(i) (purchase of surety bonds), Art. IV, § 3(i), Art. VIII, § 7 (imposition of local union trusteeships), Art. XVIII, § 1 (payment of per capita dues), and Art XXI, §§ 1-5 (consequences of failing to pay those dues).  (Doc. #23 at 3).

(Doc. #23). They also refer to a collective bargaining agreement (CBA) to which defendants Local 1455 and IBEW are parties as supporting complete preemption. (Doc. #24 at 2). Defendants have not, however, provided a copy of the referenced CBA, nor pointed to any specific language that would require interpretation. <u>Meyer v. Schnucks Markets, Inc.</u>, 163 F.3d 1048, 1051 (8th Cir. 1998) (complete federal LRMA preemption "require[s] interpretation of a specific provision of a CBA."). Thus, the Court finds defendants to have failed to satisfy their burden of establishing complete preemption jurisdiction based upon any provision of a CBA.  <u>Id.</u>

### 1. Claims against Datillo and Local 1455

Initially, the Court finds that plaintiff's claims against Datillo and Local 1455 are not completely preempted. Plaintiff was an administrative employee hired by a local union. She was not a member of the union or a beneficiary of a CBA. Nor was defendants' conduct toward plaintiff governed by any "contracts between an employer and a labor organization." 29 U.S.C. § 185 (a). As such, plaintiff's claims for the violation of non-waivable rights created under Missouri law could not be completely preempted by § 301 because there are no federal claims plaintiff could assert in lieu of her state-law claims. See <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 123 (1994) (§ 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."); <u>Allis-Chalmers Corp.</u>, 471 U.S. at 220 (state-law claims that are completely preempted must "be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law." (internal citation omitted)).

### 2. Claims against IBEW

The Court need not determine whether complete preemption as described in <u>Allis-Chalmers Corp.</u> extends to claims that are dependant upon a union constitution

unless plaintiff's reliance on the IBEW constitution would be sufficient to trigger complete preemption here.  See In re Prempro Products Liability Litigation, 591 F.3d 613, 624 (8th Cir. 2010).   Assuming that complete preemption is available under these circumstances, the Court concludes that defendants have failed to show that plaintiff's claims against IBEW are completely preempted.

Plaintiff's theory of liability as to IBEW is based upon an agency relationship between IBEW and Datillo or Local 1455.  The United States Supreme Court has recognized that common law principles of agency govern whether an international union is liable for the actions of a local union chapter or its officers § 301.  See Carbon Fuel Co. v. United Mine Workers of America, 444 U.S. 212, 216-217 (1979).  The applicability of the agency test under Carbon Fuel, however, only implicates ordinary preemption (choice of law), not complete preemption (jurisdiction). See Sowell v. International Broth. of Teamsters, Slip Copy, 2009 WL 4255556 *3 (S.D. Tex. 2009) (discussing ordinary versus complete preemption).  Thus, IBEW may attempt to raise federal preemption as a *defense* to plaintiff's theory of liability if there is a conflict between federal and Missouri agency law.[2]  But a federal defense based upon

---

[2]It is not clear whether the agency standard stated in Carbon Fuel preempts state agency law where the state-law claims asserted by plaintiff bear no relation to a labor contract under § 301. At least two state courts examining the preemptive effect of federal agency law under § 301 have treated the issue as one of choice of law, but declined to address preemption.  See Jensen v. Medley, 336 Or. 222, 82 P.3d 149 (Or. 2003) (applying Oregon law to determine whether an agency relationship exists between international and local union); Evenson v. American Federation of State, County and Mun. Employees (AFSCME), Local 2492-A , 307 Wis.2d 444, 2007 WL 3377968 *8 (Wis. App. 2007) (applying the federal agency standard set forth in Carbon Fuel, 444 U.S. 212).  Similarly, federal courts examining agency liability for international unions under Title VII have also applied non-agency based theories of liability in determining whether a parent union is liable for the acts of a local union.  Shannon v. Hotel Employees and Restaurant Employees Intern' Union, 2003 WL 1338457 (N.D. Ill. 2003); Campbell v.

preemption is, by itself, insufficient to support federal subject-matter jurisdiction. Caterpillar, 482 U.S. at 398.  Although this characterization is important, the choice of law determination itself is  immaterial to plaintiff's remand motion because neither federal nor Missouri agency law requires a substantive interpretation of IBEW's constitution.

Proof of an agency relationship requires "evidence that [the international union] instigated, supported, ratified or encouraged the Local's activities or the Local acted pursuant to its agreement with the International." Moore v. Local Union 569 of the Int'l Bhd. of Electrical Workers, 989 F.2d 1534, 1543 (9th Cir.1993); see also Wentz v. Int'l Bhd. of Electrical Workers, 578 F.2d 1271, 1273 (8th Cir.1978). In determining the amount of control exerted by IBEW over Local  1455, it "is not so much the International's theoretical control over the local as the nature and extent of the actual control." Carr v. Local Union 1593, Intern. Broth. of Elec. Workers, 371 F.Supp.2d 1097, 1105 (D. N.D. 2005) (quoting Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the United States and Canada, 248 F.3d 931, 935 (9th Cir.2001)).  Further, "ratification can only occur when the principal, having knowledge of the material facts involved in the transaction, evidences an intention to ratify." Id. at 1109 (quoting Redonich v. House Wreckers Union Local 95 of Laborers' Int'l Union, 817 F.2d 967, 973 (2d Cir.1987).

Missouri applies a three-part test for determining whether a party is an agent of another. State ex rel. McDonald's Corp. v. Midkiff, 226 S.W.3d 119, 123 (Mo. banc 2007).  "First, the principal must have the right to control the conduct of the agent

---

International Broth. of Teamsters, 69 F.Supp.2d 380 (E.D. N.Y. 1999).

with respect to matters entrusted to the agent." Id. "Second, an agent must be a fiduciary of the principal." Id. "Third, the agent must be able to alter legal relationships between the principal and a third party." Id. "The absence of any one of these three elements defeats a claim that agency exists." Id.  Whether an alleged agent has the power to alter relationships between the principal and a third party is a factual inquiry this is determined by evidence of actual authority.  Cf. State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 644 (Mo. 2002).

Neither of these analyses require more than mere reference to IBEW's constitution.  The language of the constitution may be probative as to whether an agency relationship existed between IBEW and Local 1455.  See Carr, 371 F.Supp.2d at 1105-09.  It may also be helpful to refer to the body of federal law construing such language in cases arising under § 301 in order to determine the evidentiary value of a specific provision.  Id.  But this reference will only assist, not control, in determining the "nature and extent of *actual control*" exercised by IBEW over Local 1455.  Id. at 1105 (emphasis added); see also Bacon, 63 S.W.3d at 644.  Under these circumstances, there is no risk that state courts will subject parties to a labor contract to inconsistent interpretations of the rights and duties under the LMRA because the state court need not give binding effect to or conclusively interpret a labor contract's terms. Cf. Allis-Chalmers Corp. v. Lueck, 471 U.S. at 210 (complete preemption under 301 is required to avoid subjecting labor contracts to "conflicting *substantive* interpretation under competing legal systems" (emphasis added)).  As such, plaintiff's theory of liability as to IBEW does not trigger complete preemption, regardless of whether federal or state agency law applies.  See Luecke v. Schnucks Mkts., Inc., 85 F.3d 356, 359 (8th Cir.1996) (finding no preemption where "the pertinent factual

inquiry in the state [claim] did not turn on any term of the [labor contract].").

IBEW cites to several cases in support of its argument that plaintiff's claims are completely preempted.  First, in Holschen v. International Union of Painters & Allied Trades/Painters District Council # 2, 598 F.3d 454, 461 (8th Cir. 2010), a plaintiff brought state-laws claim against his local union for tortious interference of a valid business expectancy.  The Eighth Circuit found the plaintiff-employee's business expectancy was created by the CBA.  Id.  Addressing the tortious interference claim, the Court noted § 301 preemption applied "if the duty to the employee of which the tort is a violation is created by a collective-bargaining agreement." Id. at 461 (quoting Williams v. George P. Reintjes Co., Inc., 361 F.3d 1073, 1074-75 (8th Cir. 2004)).  Absent the CBA in Holschen, there would have been no legal basis to bring the business expectancy claim against the employer.  Here, IBEW's constitution does not set forth the right on which the plaintiff's claims are based.  In fact, plaintiff, who is neither union member nor the intended beneficiary of a labor contract, likely lacks personal standing to enforce the provisions of IBEW's constitution.  See Wooddell, 502 U.S. at 99, n.4 (requiring personal standing to enforce a union constitution under § 301).

Next, IBEW cites to Chapman v. IBEW, No. F 01-5051 (E.D. Cal. 2003) and Cahoon v. IBEW Local 261, No. 3:02CV2288 (D. Conn. 2004).[3]  The courts in those cases held that plaintiff's reliance on IBEW's constitution triggered federal preemption.  But the analysis employed in Chapman and Cahoon is not consistent with Eighth Circuit

---

[3] IBEW has submitted copies of these opinions, however, neither case is published or available through the Westlaw® online database.  (Doc. Nos. 23-3 and 23-4).

precedent.  The Eighth Circuit held in <u>Meyer v. Schnucks Markets, Inc.</u>, 163 F.3d 1048 (8th Cir. 1998),  that the "narrower approach to LMRA preemption, which asks only whether the claim itself is necessarily grounded in rights established by a [labor contract], is more faithful to the Supreme Court's holding in <u>Caterpillar, Inc. v. Williams</u>."  <u>Id</u>. at 1051 (citing <u>Caterpillar</u>, 482 U.S. 386) .  The Eighth Circuit has reaffirmed this position in <u>Williams</u> when it held that "mere consultation" does not warrant complete preemption under § 301 of LMRA.  <u>Williams</u>, 582 F.3d at 877.  Therefore, the cases cited by defendants, which apply a broader interpretation of § 301 complete preemption, are not persuasive.

IV.   **Conclusion**

For the reasons set forth above, the Court concludes that it does not have subject-matter jurisdiction over plaintiff's complaint based upon complete preemption under 29 U.S.C. § 185 and 28 U.S.C. § 1331.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #21] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2012.